IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LORI E. TOVCIMAK-SPEED, | * | C.A. No.: |
| | * | |
| Plaintiff, | * | |
| | * | **TRIAL BY JURY DEMANDED** |
| v. | * | |
| | * | |
| YOUNG MEN'S CHRISTIAN | * | |
| ASSOCIATION OF DELAWARE, | * | |
| a/k/a YMCA of Delaware, | * | |
| a Delaware corporation, | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

1.    Plaintiff Lori E. Tovcimak-Speed is a resident of the State of Delaware who resides at 28 Carnoustie Road, Dover, Delaware 19904.

2.    Defendant Young Men's Christian Association of Delaware, a/k/a YMCA of Delaware, is a Delaware corporation whose registered agent for service of process is Young Men's Christian Association of Delaware, 11th and Washington Streets, Wilmington, Delaware 19801.

3.    Defendant is an employer within the State of Delaware and within the jurisdictional coverage of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* (hereinafter "the ADEA").

4.    Jurisdiction is conferred on this Court by 29 U.S.C. §621 *et seq.*

5.   Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

6.   Plaintiff brings this action under the ADEA to redress the wrongs done to her by Defendant's discrimination against her on the basis of her age.

7.   Plaintiff timely filed a claim for discrimination on the basis of age with the Delaware Department of Labor and the Equal Employment Opportunity Commission (hereinafter "the EEOC").

8.   Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the EEOC.

9.   Plaintiff has timely filed this Complaint within ninety (90) days of her receipt of the aforementioned Notice of Right to Sue.

10.   At all times relevant to this complaint, Plaintiff was over forty (40) years of age, having been born on April 7, 1963.

11.   Plaintiff began her employment with Defendant on or about June 15, 1994, and was employed by Defendant until her termination on or about March 2, 2015.

12.   Most recently, Plaintiff was employed as Membership Director at Defendant's facility located in Dover, Delaware.

13. During the more than twenty years of her employment, Plaintiff exhibited excellent job performance, with a strong record in sales performance, fund raising, community involvement, and customer service.

14. At a ninety-day review in or about July or August of 2014, Plaintiff received a satisfactory performance report following a review of her job description and essential functions, and in or about October of 2014, Plaintiff was commended for her performance by Defendant's Chief Executive Officer, Deborah Bagatta-Bowles.

15. In or about September 2014. Plaintiff's immediate supervisor, Executive Director Susan Herr (hereinafter "Herr"), issued Plaintiff a Performance Improvement Plan that was unjustified and not based upon Plaintiff's actual performance, and that was motivated by a discriminatory animus based upon Plaintiff's age.

16. Plaintiff was held by Herr to a different standard than other, younger directors under Herr's supervision, including Autumn Thomas-Palmer (approximate age 32), Judi Shade (approximate age mid-30s), Sheri Minnear (approximate age 40), Amanda Blose (approximate age low-30s), and Brendan (approximate age late-30s),

17. Plaintiff complained regarding her differential treatment to Vice President of Human Resources Sheronda Phillips, but the discrimination was not addressed.

18. On or about March 2, 2015, Plaintiff was terminated for allegedly failing to meet the requirements of her performance improvement plan.

19. Defendant's proffered reason for terminating Plaintiff, *i.e.*, failure to meet the requirements of a performance improvement plan, was pretextual and intended to mask the true reason for Defendant's actions, *i.e.*, discrimination against Plaintiff on the basis of her age.

20. The action of Defendant in terminating Plaintiff was wrongful and discriminatory against Plaintiff on the basis of her age.

21. The wrongful acts committed by Defendant through its agents, as described hereinabove, were willful, wanton, and committed in bad faith.

22. At all times relevant to this Complaint, Defendant acted by and through its agents including, but not limited to, Herr, and Defendant is therefore responsible for the actions of said agents under the doctrine of *respondeat superior*.

23. Defendant terminated Plaintiff on the basis of her age in violation of the ADEA, 29 U.S.C. §621 *et seq.*

24.    As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered lost wages and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a)    Any and all damages available pursuant to 29 U.S.C. §621 *et seq.,* including, but not limited, to lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all other available pecuniary damages;

(b)    Compensatory and punitive damages, if available;

(e)    Pre-judgment and post-judgment interest;

(d)    Attorney's fees and costs;

(e)    Reinstatement, if feasible, or, in the alternative front pay; and

(f)    Any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
NOEL E. PRIMOS, ESQ.
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE   19901-0497
(302) 674-0140
Attorneys for Plaintiff

DATED: 4/18/16
NEP:rp